**2007 BNH 028**

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                           Bk. No. 07-11007-JMD
                                                                 Chapter 13
Robert F. Stevens and
Brenda J. Stevens,
                    Debtors


*Gerald D. Neiman, Esq.*
*Gerald D. Neiman, Attorney at Law, PLLC*
*Keene, New Hampshire*
*Attorney for Debtors*

*James F. Raymond, Esq.*
*Amanda B. MacKinnon, Esq.*
*Upton & Hatfield, LLP*
*Concord, New Hampshire*
*Attorneys for Town of Winchester*


## MEMORANDUM OPINION

### I.  INTRODUCTION

On August 3, 2007, the Court held a hearing on the confirmation of the Chapter 13 Plan

dated May 18, 2007 (Doc. No. 10) (the "Plan") filed by Robert and Brenda Stevens (the

"Debtors") and the Objection by the Town of Winchester to Confirmation of Chapter 13 Plan

(Doc. No. 18) (the "Objection").  After consideration of the arguments and statements by the

parties the Court entered an order overruling the Objection and stated that it would confirm the

Plan.[1]  This memorandum opinion will set out the Court's reasons for overruling the Objection.

---

[1]  The order also provided that the Town of Winchester (the "Town") would have time to object
to the proposed confirmation order filed by the chapter 13 trustee (Doc. No. 21).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The material facts are not in dispute.  On April 27, 2007, the Town recorded a tax collectors deed to the Debtors' mobile home and land in Winchester, New Hampshire, which the Debtors use as their homestead (the "Residence"), in the Cheshire County Registry of Deeds at book 2431, page 253.  On May 7, 2007, the Town gave the Debtors a statutory notice of their right to repurchase the Residence under NH RSA 80:89 (the "Notice").

The Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code[2] on May 15, 2007 (the "Petition Date").  Schedule A filed by the Debtors reflects ownership of the Residence with a value of $90,000.00 (the "Residence").  The Debtors claimed a homestead exemption for the full value of the Residence pursuant to NH RSA 480:1.  According to the Debtors' schedules the Residence is not subject to any liens except a real estate tax lien to the Town in the amount of $6,900.89 for 2005, 2006 and a portion of the 2007 taxes.[3]  The Plan

---

[2]  In this opinion, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

[3]  While the Debtors characterize the Town's interest in the Residence as a "tax lien," the Town correctly characterizes its interest in the Residence on the Petition Date as fee simple, subject to the Debtors' statutory right to repurchase. See discussion infra.

proposes to pay the Town the full amount of the real estate tax lien of $6,900.89 with interest at

the rate of 9.5% over the forty-eight month term of the Plan for a total payment of $8,321.88.


## III.  DISCUSSION

The Town argues that the recording of the tax deed divested the Debtors of their interest

in the Residence prior to the Petition Date and, therefore, the Residence is not property of the

bankruptcy estate.  According to the Town, once a property has been conveyed by a tax deed to

the Town, the Town may treat the property as if it is the owner in fee simple.  NH RSA 80:91.

The Town concedes that the Debtors have a limited right to repurchase the Residence before the

earlier of three years after the recording of the tax deed or forty-five days after the Notice but

contends that the Debtors' property rights in the Residence must be determined under New

Hampshire law which limits the time and manner for the Debtors to repurchase their interest in

the Residence.  See NH RSA 80:89(II).

The Debtors contend that on the Petition Date they had the right to repurchase the

Residence, thereby retaining legal and equitable rights in the Residence, which rights are

property of the bankruptcy estate.  11 U.S.C. § 541(a)(1).  Because the Debtors' rights to redeem

the Residence had not expired prior to the Petition Date, they argue that they have the right to

cure the default under §§ 1322(b)(3), 1322(c) and 1325(a)(5)(B) of the Bankruptcy Code.  The

Debtors cite In re Beeman, 235 B.R. 519, 524 (Bankr. D.N.H. 1999) in support of their

argument.

The decision in Beeman is not applicable in this case.  Beeman involved the question of

whether a chapter 13 plan could cure a default in a mortgage on a debtor's home after the

conclusion of a foreclosure auction, but before recording of a foreclosure deed, under the

provisions of § 1322(c)(1).  Section 1322(c)(1) provides that a chapter 13 plan may provide for

the cure of a default "with respect to, or that gave rise to, a lien on the debtor's principal

residence."  In this case there is no default with respect to or giving rise to a lien.  Once the tax

deed was recorded, the real estate tax lien ceased to exist and the Town was the owner of the

Residence.  See NH RSA 80:91.  The Town is correct in its position that the Debtors were not

the owners of the residence on the Petition Date and, therefore, the Residence did not become

property of the bankruptcy estate under § 541.

However, it is undisputed that on the Petition Date the Debtors held a statutory right to

repurchase the Residence under NH RSA 80:89.  The statutory right to repurchase their

Residence is a property interest that did become property of the bankruptcy estate on the Petition

Date.  11 U.S.C. § 541(a).  The transfer of legal title of the Residence to the Town does not alter

the status of the Debtors' right to repurchase as a property right which is property of the

bankruptcy estate and within the jurisdiction of the bankruptcy court.  Wragg v. Federal Land

Bank of New Orleans, 317 U.S. 325, 329 (1943) (debtor's statutory equity of redemption after

recording of foreclosure deed is an interest subject to bankruptcy jurisdiction); In re Hazelton,

137 B.R. 560, 562 (Bankr. D.N.H. 1992) (debtor's equitable interests in property become

property of the bankruptcy estate).

The Town contends that whatever rights or property interest the Debtors possessed on the

Petition Date with respect to the repurchase of their Residence are governed by state law.

Therefore, the Town argues the Debtors' right to repurchase their Residence expired at the end

of the period provided by state law – or forty-five days after the May 7, 2007 Notice.[4]  The

Debtors' property interest in their Residence is created by state law.  Hazelton, 137 B.R. at 562

(citing Butner v. U.S., 440 U.S. 48, 55 (1979)).  "That, however, is not the end of the inquiry

because this Court must determine whether some federal interest is nonetheless implicated . . ."

Id.  Even where state law creates the property interest, it must yield where it conflicts with the

provisions of the Bankruptcy Code.  Patriot Portfolio, LLC v. Weinstein (In re Weinstein), 164

F.3d 677, 683 (1st Cir. 1999) (limitations on Massachusetts homestead exemption conflict with §

522(c) of the Bankruptcy Code and are preempted).

The Bankruptcy Code provides that a chapter 13 plan may (1) provide for the curing or

waiving of any default, § 1322(b)(3); (2) provide for the vesting of property of the estate, on

confirmation of the plan, or at a later time, in the debtor or any other entity, § 1322(b)(9); (3)

contain provisions curing a default under a mortgage securing a debtor's principal residence up

until the time it is sold at a foreclosure sale, § 1322(c)(1); and (4) include any other appropriate

provision not inconsistent with this title, § 1322(b)(11).  If a chapter 13 plan proposes to cure a

default, "the *amount* necessary to cure the default must be determined in accordance with . . .

applicable nonbankruptcy law."  11 U.S.C. § 1322(e) (emphasis added).  Finally, if the last

payment on a claim secured by a debtor's principal residence is due before the last payment

under the chapter 13 plan, the plan may provide for payment of the claim over the life of the

plan.  11 U.S.C. §§ 1322(c)(2), 1325(a)(5).

---

[4]  Because the Court holds that the contents of the Debtors' chapter 13 plan are not limited by the time frames under state law, NH RSA 80:89, it does not need to consider whether such time frames would be extended by the provisions of § 108(b).

It is beyond peradventure that a chapter 13 plan may provide for the curing of a prepetition arrearage on a residential mortgage over the term of the plan, notwithstanding the terms of the mortgage note, mortgage or applicable nonbankruptcy state law. Nobelman v. Am. Sav. Bank, 508 U.S. 324, 530 (1993). Under New Hampshire law, the right to repurchase a property conveyed by a tax deed is statutorily granted to former owners as well as holders of recorded mortgage interests. NH RSA 80:89(II) and (V). The price for the repurchase is determined by a statutory formula which is based upon back taxes, interest, costs and penalty, not on the market value of the property. NH RSA 80:89(II) and 80:90. If the statutorily determined price is timely paid by a former owner, or holder of a recorded mortgage, the former owner's interest upon repurchase is the same as it was prior to the delivery of the tax deed and subject to the liens of record at the time the tax deed was delivered, subject only to conveyances of interests in the property by the municipality to third parties. NH RSA 80:89(IV). If the property subject to a tax deed is ultimately sold by the municipality, any sale proceeds in excess of the amount of the repurchase price, plus additional costs, must be filed with a bill of interpleader in the superior court naming the former owner or owners, as well as the holders of liens of record. NH RSA 80:88(II). In effect, a municipality's interest in tax deed property under New Hampshire law is limited to the statutory repurchase price.

The Court finds that under New Hampshire law, the Debtors' statutory right to repurchase their principal residence after delivery of a tax deed, in the context of the Town's interests in the property under state law, is not substantively or economically distinguishable from a debtor's right to cure a mortgage arrearage. The provisions of New Hampshire law limiting the time and method for payment of the amount of the repurchase price conflict with the

provisions of chapter 13 of the Bankruptcy Code regarding the Debtors' right to cure defaults

involving their principal residence, and are, therefore, preempted by the provisions of federal

law.  Weinstein, 164 F.3d at 683.


## IV.  CONCLUSION

For the reasons set forth above, and on the record at the hearing on August 3, 2007, the

Court has entered a separate order overruling the Objection.  The Debtors may exercise their

right to repurchase the Residence by making payments under the Plan in an amount determined

by applicable New Hampshire law in accordance with §§ 1322(b)(3), 1322(b)(11), 1322(c) and

1325(a)(5) of the Bankruptcy Code.  This opinion constitutes the  Court's findings of fact and

conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.


Date:   August 9, 2007                         /s/ J. Michael Deasy
                                               J. Michael Deasy
                                               Bankruptcy Judge